UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| VINCENT DANIEL HOPPER, | ) | CASE NO. C05-1812-RSL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| NEIL CLARK, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioner Vincent Daniel Hopper is a native and citizen of Trinidad. On October 31, 2005, petitioner's *pro se* Petition for Writ of Habeas Corpus was transferred from the Northern District of California to this Court. (Dkt. #22). Petitioner challenges the legality of his custody by the U.S. Immigration and Customs Enforcement ("ICE") and seeks a stay of his removal proceedings, claiming that this is a case of mistaken identity and that he is not the Wayne Ricky Elison Rudder who is subject to removal, but is actually Vincent Daniel Hopper (a.k.a. Antolin Andrews) who is a United States citizen. Petitioner has filed numerous subsequent pleadings in

/ / /

REPORT AND RECOMMENDATION
PAGE -1

this case, all of which allege that he is a United States citizen and should not be held in ICE custody.[1] On January 17, 2006, respondent filed a return and motion to dismiss, arguing that the Court lacks subject matter jurisdiction to hear petitioner's claims. (Dkt. #34). On April 10, 2006, respondent filed a renewed motion to dismiss for lack of jurisdiction, notifying the Court that petitioner is no longer in ICE custody or subject to removal proceedings and, therefore, the habeas petition should be dismissed as moot. (Dkt. #58).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #27) be DENIED and that respondents' motion to dismiss (Dkt. #34) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner has used or has been known by over fifty aliases, including Vincent Daniel Hopper, Wayne Ricky Elison Rudder, and Antolin Andrews. (Dkt. #37 at L508-509-Pt. 1; L567-Pt. 1; L571-Pt. 1). Petitioner's fingerprints match the fingerprints of an alien, Wayne Ricky Elison Rudder, who is a native and citizen of Trinidad and who was admitted to the United States on or about March 7, 1974, as an immigrant. (Dkt. #37 at L383-84-Pt. 1; R1034-35-Pt. 1; R1021-Pt. 1).

On or about September 24, 1991, the former Immigration and Naturalization Service ("INS") issued an Order to Show Cause ("OSC"), placing petitioner in deportation proceedings and charging petitioner with being deportable from the United States under Sections 241(a)(2)(A)(iii) and 241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), because of his April 9 and 24, 1990, convictions for possession of a controlled substance. (Dkt. #37 at L555-69-Pt. 1; R301-302-Pt. 1). Petitioner appeared for his deportation hearing before an Immigration

---

[1] Dkts. #42, 44, 45, 52, 56, 57, 61, 64, 65.

Judge ("IJ") and admitted the allegations contained in the OSC and conceded deportability as charged. Instead of deportation, petitioner filed an application for waiver of inadmissability under INA § 212(c) and an application for asylum and withholding of deportation. On July 26, 1993, the IJ denied petitioner's application for a waiver of inadmissability and his application for asylum and withholding of deportation, and ordered petitioner deported from the United States to Trinidad on the charges contained in the OSC. (Dkt. #37 at R999-1021-Pt. 1).

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On November 4, 1993, the BIA affirmed the decision of the IJ and dismissed petitioner's appeal of his deportation order. (Dkt. #37 at R1022-31-Pt. 1). On November 18, 1993, petitioner filed a direct appeal of the BIA's decision in the Ninth Circuit Court of Appeals. (Dkt. # 37 at R753-54-Pt. 1). Petitioner also filed a Petition for Emergency Stay of Deportation in the United States Court of Appeals for the District of Columbia Circuit, which was dismissed on December 6, 1993, for improper venue. (Dkt. #37 at R755-57-Pt. 1). On December 8, 1993, petitioner filed a Motion for Emergency Stay of Deportation with the United States Supreme Court, which was denied the same day. (Dkt. #37 at R842-872-Pt. 1; L278-Pt. 1). On February 11, 1994, the Ninth Circuit denied petitioner's appeal for lack of jurisdiction. On December 9, 1993, petitioner was removed from the United States to Trinidad. (Dkt. #37 at L269-70-Pt. 1; L274-Pt. 1).

On January 14, 1994, petitioner illegally reentered the United States without inspection. On August 18, 2005, petitioner was arrested by a Special Agent of the Department of Homeland Security ("DHS"). Upon his arrest, petitioner claimed that he was Daniel Vincent Hopper, born in Los Angeles, California, and that he had been deported to Trinidad in 1993 illegally. (Dkt. #37 at R996-98-Pt. 1). A fingerprint comparison performed by the DHS Forensic Laboratory showed

REPORT AND RECOMMENDATION
PAGE -3

that petitioner's fingerprints match the fingerprints of an alien who went by the alias Ricky Elison Rudder who had been deported to Trinidad on December 9, 1993. (Dkt. #37 at R1033-34-Pt. 1). On August 18, 2005, petitioner was served with a Warrant for Arrest of Alien, a Notice of Custody Determination, and a Notice to Appear, placing petitioner in removal proceedings and charging petitioner as removable for entering the United States without being admitted or paroled, and for reentering the United States after being ordered deported without being admitted or paroled. (Dkt. #37 at L530-35-Pt. 1).

On August 3, 2005, petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of California. (Dkt. #22, Attach. 2). On October 19, 2005, United States District Judge Martin Jenkins transferred the case to this Court because petitioner was confined at the Northwest Detention Center in Tacoma, Washington, and was in removal proceedings in this district. (Dkt. #22, Attach. 22). Petitioner has filed numerous subsequent pleadings in this case, including two motions to compel, a motion to stay, a motion for injunction, a motion for issuance of the writ, a motion to appoint counsel, and a motion for judicial notice. (Dkts. #42, 44, 45, 52, 56, 57, 61, 64, 65). On February 10, 2006, respondent filed a Return and Motion to Dismiss. (Dkt. #34).

On March 23, 2006, petitioner was transferred to the custody of the Tacoma Police Department for extradition to California pursuant to a September 1, 2005, warrant for petitioner's arrest for a parole violation. (Dkt. #59). On March 28, 2006, ICE filed a motion in the Immigration Court requesting that petitioner's pending removal proceedings be administratively closed because petitioner is no longer in ICE custody. On March 29, 2006, the IJ issued an Order administratively closing petitioner's removal proceedings. (Dkt. #58, Ex. B). On April 10, 2006,

REPORT AND RECOMMENDATION
PAGE -4

respondent filed a Renewed Motion to Dismiss for Lack of Jurisdiction and Opposition to Petitioner's Requests for Declaratory and Injunctive Relief. (Dkt. #58).

### III. DISCUSSION

Respondent asserts that petitioner is no longer in ICE custody or subject to removal proceedings and, therefore, petitioner's habeas petition should be dismissed as moot. (Dkt. #58). Respondent has submitted documents indicating that petitioner was transferred to the Pierce County Jail on March 23, 2006, and that petitioner's removal proceedings were administratively closed on March 29, 2006, because petitioner was taken into state custody pursuant to an outstanding warrant, and are considered no longer pending. (Dkt. #58, Exs. A, B). The Court agrees that this matter appears to be moot. Although petitioner's habeas petition requests several forms of relief, the gravamen of the petition is that petitioner should be released from ICE custody and his removal proceedings should be stayed. Because petitioner is no longer in ICE custody or subject to removal proceedings, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe).

### IV. CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 4th day of May, 2005.

Mary Alice Theiler
United States Magistrate Judge