UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINCENT DANIEL HOPPER, now known as ANTOLIN ANDREW MARKS,<br><br>    Petitioner,<br><br>    v.<br><br>NEIL CLARK, et al.,<br><br>    Respondents. | CASE NO. C05-1812-RSL<br><br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On August 3, 2005, petitioner Vincent Daniel Hopper, now known as Antolin Andrew Marks, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 2241, alleging that he is a United States citizen and that he should not be held in the custody of the United States Immigration and Customs Enforcement ("ICE"). (Dkt. #22, Attach. #2). On October 31, 2005, petitioner's Habeas Petition (Dkt. #22, Attach. #2), Petition for Injunction (Dkt. #22, Attach. #3), and Motion for Stay of Administrative Proceedings (Dkt. #22, Attach. #11), were transferred from the Northern District of California to this Court because petitioner is in removal proceedings in Tacoma, Washington, and is detained at the Northwest Detention Center in Tacoma, Washington. (Dkt. #22). *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2724 (2004)(holding that the district of

REPORT AND RECOMMENDATION
PAGE -1

confinement is the proper venue for a petition for writ of habeas corpus under 28 U.S.C. § 2241). Petitioner subsequently filed a First Amended Petition for Injunction under 28 U.S.C. § 2241. (Dkt. #27). Petitioner asks this Court to stay his administrative proceedings and order his release from ICE custody, pending the Court's adjudication of his claim to United States citizenship. (Dkt. #22, Attach. #2 at 4). Respondent has moved to dismiss, arguing that this Court lacks subject matter jurisdiction to hear or review petitioner's citizenship claim under 8 U.S.C. § 1252(b)(5). (Dkt. #34).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #27) be DENIED and that respondent's motion to dismiss (Dkt. #34) be GRANTED.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner has used or has been known by over fifty aliases, including Vincent Daniel Hopper, Wayne Ricky Elison Rudder, and Antolin Andrew Marks. (Dkt. #37 at L508-509-Pt. 1; L567-Pt. 1; L571-Pt. 1). Petitioner's fingerprints match the fingerprints of alien Wayne Ricky Elison Rudder, who is a native a citizen of Trinidad and who was admitted to the United States on or about March 7, 1974, as an immigrant. (Dkt. #37 at L383-84-Pt. 1; R1034-35-Pt. 1; R1021-Pt. 1).

On or about September 24, 1991, the former Immigration and Naturalization Service [1] ("INS") issued an Order to Show Cause ("OSC"), placing petitioner in deportation proceedings and charging petitioner with being deportable from the United States under Sections

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security.

241(a)(2)(A)(iii) and 241(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), because of his April 9 and 24, 1990, convictions for possession of a controlled substance. (Dkt. #37 at L555-69-Pt. 1; R301-302-Pt. 1). Petitioner appeared for his deportation hearing before an Immigration Judge ("IJ") and admitted the allegations contained in the OSC and conceded deportability as charged. Instead of deportation, petitioner filed an application for waiver of inadmissability under INA § 212(c) and an application for asylum and withholding of deportation. On July 26, 1993, the IJ denied petitioner's applications, and ordered petitioner deported from the United States to Trinidad on the charges contained in the OSC. (Dkt. #37 at R999-1021-Pt. 1).

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On November 4, 1993, the BIA affirmed the decision of the IJ and dismissed petitioner's appeal of his deportation order. (Dkt. #37 at R1022-31-Pt. 1). On November 18, 1993, petitioner filed a direct appeal of the BIA's decision in the Ninth Circuit Court of Appeals. (Dkt. # 37 at R753-54-Pt. 1). Petitioner also filed a Petition for Emergency Stay of Deportation in the United States Court of Appeals for the District of Columbia Circuit, which was dismissed on December 6, 1993, for improper venue. (Dkt. #37 at R755-57-Pt. 1). On December 8, 1993, petitioner filed a Motion for Emergency Stay of Deportation with the United States Supreme Court, which was denied the same day. (Dkt. #37 at R842-872-Pt. 1; L278-Pt. 1). On December 9, 1993, petitioner was removed from the United States to Trinidad. On February 11, 1994, the Ninth Circuit denied petitioner's appeal for lack of jurisdiction. (Dkt. #37 at L269-70-Pt. 1; L274-Pt. 1).

On January 14, 1994, petitioner illegally reentered the United States without inspection. On August 18, 2005, petitioner was arrested by a DHS special agent. Upon his arrest, petitioner claimed that he was Daniel Vincent Hopper, born in Los Angeles, California, and that he had been

REPORT AND RECOMMENDATION
PAGE -3

deported to Trinidad in 1993 illegally. (Dkt. #37 at R996-98-Pt. 1). A fingerprint comparison performed by the DHS Forensic Laboratory showed that petitioner's fingerprints matched the fingerprints of an alien who went by the alias Ricky Elison Rudder who had been deported to Trinidad on December 9, 1993. (Dkt. #37 at R1033-34-Pt. 1). On August 18, 2005, petitioner was served with a Warrant for Arrest of Alien, a Notice of Custody Determination, and a Notice to Appear, placing petitioner in removal proceedings and charging petitioner as removable for entering the United States without being admitted or paroled, and for reentering the United States after being ordered deported without being admitted or paroled. (Dkt. #37 at L530-35-Pt. 1).

On August 3, 2005, petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of California. (Dkt. #22, Attach. 2). On October 19, 2005, United States District Judge Martin Jenkins transferred the case to this Court because petitioner was confined at the Northwest Detention Center in Tacoma, Washington, and was in removal proceedings in this district. (Dkt. #22, Attach. 22).

Petitioner's removal proceedings based on the August 2005 Notice to Appear have continued simultaneously with this case. On September 26, 2005, petitioner appeared before an IJ and denied allegations 1, 2, 4, and 7 in the Notice to Appear, claiming that this was a case of mistaken identity and that he was wrongfully removed in 1993. On October 12, 2005, petitioner filed an application for asylum and withholding of removal. (Dkt. #37 at L583-576-Pt. 1). On October 31, 2005, petitioner again appeared before an IJ and denied alienage. His case was scheduled for trial on February 22, 2006, on the issues of removability and asylum from Trinidad. (Dkt. #37 at R1043-1045-Pt. 1; Dkt. #39 at 3 n.1).

On January 17, 2006, respondent filed a Return and Motion to Dismiss. (Dkt. #34). On

January 31, 2006, petitioner filed a Traverse to the Return and Opposition to the Motion to Dismiss. (Dkt. #38). On February 10, 2006, respondent filed a reply. (Dkt. #39). On March 23, 2006, petitioner was transferred to the custody of the Tacoma Police Department for extradition to California pursuant to a September 1, 2005, warrant for petitioner's arrest for a parole violation. (Dkt. #59). On March 28, 2006, ICE filed a motion in the Immigration Court requesting that petitioner's pending removal proceedings be administratively closed because petitioner was no longer in ICE custody. On March 29, 2006, the IJ issued an Order administratively closing petitioner's removal proceedings. (Dkt. #58, Ex. B).

On April 10, 2006, respondent filed a Renewed Motion to Dismiss for Lack of Jurisdiction and Opposition to Petitioner's Requests for Declaratory and Injunctive Relief. (Dkt. #58). Respondent asserted that petitioner was no longer in ICE custody or subject to removal proceedings and, therefore, petitioner's habeas petition should be dismissed as moot. (Dkt. #58). Respondent submitted documents indicating that petitioner had been transferred to the Pierce County Jail on March 23, 2006, and that petitioner's removal proceedings had been administratively closed on March 29, 2006, because petitioner was taken into state custody pursuant to an outstanding warrant and were considered no longer pending. (Dkt. #58, Exs. A, B). Accordingly, on May 4, 2006, the undersigned issued a Report and Recommendation, recommending that the Court deny petitioner's habeas petition as moot. (Dkt. #66). Respondent subsequently filed a response to the Report and Recommendation, indicating that petitioner had returned to the Northwest Detention Center and ICE custody on April 11, 2006, and that his removal proceedings were reopened on May 2, 2006. (Dkt. #67, Ex. A). Respondent indicated that their renewed motion to dismiss for lack of jurisdiction based on petitioner's transfer was no

longer applicable and that respondent continues to rest on his previously filed Return Memorandum and Motion to Dismiss in response to petitioner's habeas petition. (Dkt. #67).

On June 5, 2006, the Honorable Robert S. Lasnik issued an order adopting the Report and Recommendation. (Dkt. #73). On June 14, 2006, petitioner filed a motion to reopen which the Court construed as a motion for reconsideration. (Dkt. #76). On July 17, 2006, Judge Lasnik granted petitioner's motion for reconsideration and referred this matter to the undersigned for consideration of respondent's original motion to dismiss. (Dkt. #78). The petition and motion to dismiss are now ready for review.[2]

### III. DISCUSSION

A.  The District Court Lacks Subject Matter Jurisdiction.

Petitioner challenges his ongoing immigration proceedings on the grounds that he is a citizen of the United States and therefore not subject to removal. Respondent argues that this action must be dismissed for lack of jurisdiction. (Dkts. #34, 39). The Court agrees with respondent that the Court lacks jurisdiction, as such claims must be brought in the court of appeals.

Section 242(b)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b)(5), is the *exclusive* means of determining United States citizenship for aliens in removal proceedings. *See Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002) (holding that under INA § 242(b)(5) a claim of U.S. nationality must be brought in the circuit court). That provision provides as follows:

---

[2] Petitioner has filed numerous pleadings in this case, including two motions to compel, two motions to stay, a motion for injunction, a motion for issuance of the writ, a motion to appoint counsel, and a motion for judicial notice. (Dkts. #42, 44, 45, 52, 56, 57, 61, 64, 65, 88). Petitioner's continued requests for relief assert the same factual allegations and legal claims regarding his alleged citizenship.

01       If the petitioner claims to be a national of the United States and the court of appeals
      finds from the pleadings and affidavits that no genuine issue of material fact about the
02       petitioner's nationality is presented, the court shall decide the nationality claim.

03 INA § 242(b)(5), 8 U.S.C. § 1252(b)(5). Accordingly, claims of citizenship must be brought as

04 a petition for review of a final order of removal. *Taniguchi*, 303 F.3d at 955. If the court of

05 appeals finds that a genuine issue of material fact regarding the petitioner's nationality is

06 presented, the statute provides for the transfer to the district court for an evidentiary hearing.

07 Section 1252(b)(5)(B) provides:

08       If the petitioner claims to be a national of the United States and the court of appeals
      finds that a genuine issue of material fact about the petitioner's nationality is
09       presented, the court shall transfer the proceeding to the district court of the United
      States for the judicial district in which the petitioner resides for a new hearing on the
10       nationality claim as if an action had been brought in the district court under section
      2201 of Title 28.
11

12 INA § 242(b)(5)(B), 8 U.S.C. § 1252(b)(5)(B).

13       The Ninth Circuit has acknowledged that district courts "retain jurisdiction under 28

14 U.S.C. § 2241 when the petitioner has no other remedy." *Taniguchi*, 303 F.3d at 955. Here,

15 however, a statutory remedy is available to petitioner to establish citizenship under the review

16 procedure of INA § 242(b)(5). *Id.* Accordingly, the Court is without jurisdiction to consider

17 petitioner's citizenship claim.

18       B.    <u>Transfer to the Court of Appeals is Not Appropriate</u>.

19       Title 28 U.S.C. § 1631 provides that if a civil action is filed and the court finds that there

20 is a want of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or

21 appeal to any such court in which the action or appeal could have been brought at the time it was

22 filed . . ." 28 U.S.C. § 1631. Thus, under section 1631, the Court must determine whether (1)

REPORT AND RECOMMENDATION
PAGE -7

the Ninth Circuit would have been able to exercise jurisdiction on the date the petition was filed in this Court, (2) this Court lacks jurisdiction over this case, and (3) the transfer is in the interest of justice. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001). Here, transfer is not appropriate because the first requirement cannot be met for two reasons. First, the immigration judge has not yet issued an order of removal. Second, if the immigration judge issues an order of removal, petitioner must exhaust his administrative remedies by timely appealing the IJ's decision to the BIA. Because administrative remedies are available to petitioner, he must first exhaust them before raising his citizenship claim in the court of appeals pursuant to 8 U.S.C. § 1252(b)(5). *See Taniguchi*, 303 F.3d at 956. As such, petitioner's habeas petition cannot be transferred to the Ninth Circuit and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 18th day of October, 2006.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -8