UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
VINCENT DANIEL HOPPER, now )
known as ANTOLIN ANDREW MARKS, )
                                           )    Case No. C05-1812RSL
                 Petitioner, )
       v.                                  )
                                           )    ORDER DENYING MOTION
NEIL CLARK, *et al.*,                 )    TO REOPEN
                                           )
                 Respondents. )
_____)

         This matter comes before the Court on petitioner's "Motion to Reopen this Case Based upon the Ninth Circuit's Finding in Flores-Torres v. Mukasey, 548 F.3d 708 (9th Cir. 2008)." Dkt. # 108. The original petition for writ of habeas corpus was dismissed without hearing in November 2006 for lack of jurisdiction. The Court reasoned that, pursuant to 8 U.S.C. § 1252(b)(5), petitioner could obtain a judicial ruling on his claim of citizenship only from the Ninth Circuit following the entry of a final order of removal. Petitioner appealed, but the Ninth Circuit found that the appeal lacked merit and should not proceed.

         In 2008, the Ninth Circuit determined that, where petitioner is in the custody of the immigration service and raises a non-frivolous claim to U.S. citizenship, he "does not have to wait until his removal proceedings are completed and a final removal order is issued before he can secure habeas review of his citizenship claim and of his contention that he may not be detained." Flores-Torres, 548 F.3d at 712-13. Thus, this Court had jurisdiction over petitioner's

ORDER DENYING MOTION TO REOPEN

claim of citizenship in November 2006 because petitioner was not then the subject of a removal order.  Having determined that the November 2006 dismissal was in error, the Court requested that the parties address three issues:

(1)  Whether any Article III court has made findings of fact regarding petitioner's claim of U.S. citizenship;

(2)  Whether the subsequent issuance of a final order of removal strips the Court of the jurisdiction it apparently had at the time this action was filed and dismissed; and

(3)  Whether petitioner remains "in custody" for purposes of maintaining a habeas petition.

Dkt. # 109 at 2.  Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows:

The parties agree that petitioner's claim that he is a citizen of the United States has never been adjudicated on its merits by an Article III court.  Dkt. # 111 at 2; Dkt. # 112 at 1. The claim has, however, been considered and rejected by the United States Office of Immigration and Customs Enforcement when it ordered petitioner deported.  Pursuant to 8 U.S.C. § 1252(a)(5), once petitioner became subject to a final order of deportation, the court of appeals was the only forum in which a challenge to that decision could be brought.  The jurisdiction-stripping provisions of the REAL ID Act preclude a collateral attack on that order through an habeas action in district court.

Petitioner argues that, because his habeas petition was filed before the immigration agency ordered him removed, the district court not only had jurisdiction over his claim of citizenship at the time the habeas action was filed, but retained jurisdiction even after the removal order issued.  Petitioner is entitled to only one bite at the proverbial apple, however. When it enacted the Real ID Act, Pub. L. No. 109-13, Div. B, 199 Stat. § 231 (2005), Congress intended that all challenges to a removal order would be heard in a single proceeding before the

ORDER DENYING MOTION TO REOPEN            -2-

court of appeals, thereby "streamlin[ing] what Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)." Iasu v. Smith, 511 F.3d 881, 887 (9th Cir. 2007) (quoting Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005)).  In the case at hand, petitioner sought review of the removal order before the Ninth Circuit.  See Rudder v. Gonzales, C07-71756 (July 27, 2007).  Although he was unsuccessful, he is bound by that outcome.  Neither 8 U.S.C. § 1252 nor Flores-Torres suggests that petitioner may pursue both a direct appeal to the Ninth Circuit and a collateral challenge in the district court at the same time.  Thus, the Court finds that, even if petitioner's habeas petition had still been pending at the time the final order of deportation issued, the petition would then have been dismissed for lack of jurisdiction (or possibly mootness [1]) so that petitioner could pursue his challenge in the only forum that could properly hear the issue, the court of appeals.

For all of the foregoing reasons, petitioner's motion to reopen this case is DENIED.

Dated this 15th day of April, 2010.

*MNT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[1]   See Carrillo-Lozano v. Stolc, 669 F. Supp.2d 1074, 1079 n.5 (D. Ariz. 2009).

ORDER DENYING MOTION TO REOPEN         -3-